UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

SHANAYIA GILMORE,

Defendant.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 16 2013 ★

12-CR-778-2 BROOKLYN OFFICE

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

Shanayia Gilmore pled guilty to Count One of a four count Indictment. It charged her with conspiracy to import cocaine into the United States. *See* 21 U.S.C. §§ 963 and 960(b)(3). The remaining three Counts were dismissed. Her co-conspirator, Milagros Colmenares, has also pled guilty to the same charge. *See U.S. v. Colmenares*, 12-CR-778-1 (E.D.N.Y. Sept. 30, 2013). The two cases present similar issues.

Defendant arrived in New York on a commercial flight from Guyana in November 2012. Customs officials noted that the defendant appeared nervous, was traveling with a recently issued passport, and provided conflicting accounts of the purpose of her travel from her co-conspirator. A pat-down search revealed that defendant was transporting cocaine both on and inside her body.

Gilmore was sentenced on September 30, 2013. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The total offense level is thirteen and defendant's criminal history is category I. The Guidelines range of imprisonment is between twelve and eighteen months, and the fine range is $3,000 to $30,000. *See* U.S. Sentencing Comm., *Guidelines Manual*, § 5E1.2(c)(3) and (c)(4) (Nov. 2012). The calculation of the total offense level included a two point "safety valve" reduction and a three-point adjustment for defendant's acceptance of responsibility. Defendant's offense level was reduced an additional four levels pursuant to the Government's recommendation for retroactive application of the newly adopted early disposition program for couriers. *See* U.S. Sentencing Comm., *Guidelines Manual*, § 5K3.1 (Nov. 2012).

The maximum term of imprisonment is twenty years, with a maximum fine of $1,000,000.00. *See* 21 U.S.C. § 952(a) and 21 U.S.C. § 960(b)(3). The offense to which the

defendant pled guilty permits probation for a term of not less than one year or greater than five years. *See* 18 U.Sc. § 3561(c)(1). The Guidelines advise against probation. *See* U.S. Sentencing Comm., *Guidelines Manual*, § 5B1.1, comment. (n.2) (Nov. 2012).

Gilmore was sentenced to three years of probation. Should the defendant's conduct warrant, an application may be made to reduce the term of probation.

A $100 special assessment was imposed. There was no fine because defendant does not have any assets, and it is unlikely that she will have any in the near future, to pay a fine.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Gilmore imported cocaine into the United States. This a serious, but aberrant, offense. Gilmore has no prior convictions. Her role was limited to that of a courier.

Defendant, now twenty-three years old, was raised by her maternal grandparents. Her mother was a distant figure, although her mother did provide financial support and visit occasionally. She did not have a relationship with her father until she was a teenager. Defendant maintained a good relationship with her grandparents.

Defendant has one daughter aged two. Her daughter is well cared for by the defendant, who is her sole caretaker. The daughter's father is unemployed and does not provide financial assistance.

Despite her intelligence and diligence, defendant has had a difficult time securing employment over the past year. She is enrolled in a GED preparation course and seeks a cosmetology license, which indicates that she wants to be prepared to work. A felony conviction or prison sentence may interfere with her ability secure employment. She resides in a New York City Housing Authority residential building.

Defendant has no has no family or friends who are fully capable of caring for her daughter in her absence. Although defendant's mother would possibly be able to partially care for her granddaughter, the child would suffer without defendant's presence.

The man who organized the drug importation scheme has threatened defendant. Even so, she has been fully cooperative with law enforcement and the prosecutor's office, offering to testify against the organizer, despite danger to herself and her family.

Under Section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. General deterrence is satisfied by the felony conviction and its collateral consequences. Specific deterrence has been substantially achieved. Defendant has expressed genuine remorse. It is unlikely that she will engage in further criminal activity.

Jack B. Weinstein
Senior United States District Judge

Dated: October 1, 2013
Brooklyn, New York